UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ROBERT THELUSMA,

                              Plaintiff,                                    **COMPLAINT**

            -against-                                                       **Jury Trial Demanded**

THE NEW YORK CITY TAXI & LIMOUSINE                                          Case No.:
COMMISSION, NEW YORK CITY TAXI &
LIMOUSINE INSPECTOR MONICA MUIRHEAD,
NEW YORK CITY TAXI & LIMOUSINE INSPECTOR
"JOHN DOE 1," currently unknown to the Claimant but
known to the New York City Taxi & Limousine
Commission and the City of New York, NEW YORK
CITY TAXI & LIMOUSINE INSPECTOR "JOHN DOE
2," currently unknown to the Claimant but known to the
New York City Taxi & Limousine Commission and the
City of New York, NEW YORK CITY TAXI &
LIMOUSINE INSPECTOR "JOHN DOE 3," currently
unknown to the Claimant but known to the New York
City Taxi & Limousine Commission and the City of New
York, NEW YORK CITY TAXI & LIMOUSINE
INSPECTOR "JOHN DOE 4," currently unknown to the
Claimant but known to the New York City Taxi &
Limousine Commission and the City of New York, NEW
YORK CITY TAXI & LIMOUSINE INSPECTOR
"JOHN DOE 5," currently unknown to the Claimant but
known to the New York City Taxi & Limousine
Commission and the City of New York, THE NEW
YORK CITY POLICE DEPARTMENT, and THE CITY
OF NEW YORK,

                              Defendants.
-------------------------------------------------------------------x

        Plaintiff brings this civil rights complaint by and through his undersigned attorney and

alleges as follows:

## PRELIMINARY STATEMENT

    Plaintiff brings this action seeking to recover damages for assault, battery, false arrest,

malicious prosecution, conversion, and violations of his rights under the United States

Constitution. The Plaintiff brings this action against all Defendant pursuant to 42 U.S.C. § 1983 and 1988, the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York against THE CITY OF NEW YORK (hereinafter "THE CITY"), THE NEW YORK CITY TAXI AND LIMOUSINE COMMISSION (hereinafter "TLC"), THE NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), NEW YORK CITY TAXI & LIMOUSINE INSPECTOR MONICA MUIRHEAD, TAX REG. NO. 1165292 (hereinafter "DEFENDANT MUIRHEAD"), and NEW YORK CITY TAXI & LIMOUSINE INSPECTORS JOHN DOES 1-5 (hereinafter "JOHN DOES 1-5")(names being fictitious but intended to represent Inspectors/Peace Officers of the New York City Taxi and Limousine Commission who participated in the arrest, imprisonment, and assault and battery of Plaintiff) to redress the deprivation under color of law of Plaintiff's rights, privileges and immunities secured by the Constitution of the United States. Plaintiff seeks money damages to redress and remedy the deprivations of his constitutional rights. In addition, Plaintiff invokes the pendant jurisdiction of this Court over related, ancillary and pendent state law claims. Plaintiff seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 and pursuant to any other laws that apply.

Plaintiff alleges that DEFENDANT MUIRHEAD and the individual JOHN DOES 1-5 made an unreasonable search and seizure of Plaintiff's person and vehicle, violating his rights under the Fourth and Fourteenth Amendments of the United States Constitution, and that these Defendants assaulted and battered the Plaintiff, falsely arrested and imprisoned him, and subjected him to malicious prosecution, libel and slander, and conversion. It is further alleged that these violations and torts were committed as a result of the policies and practices of THE CITY, THE TLC, and THE NYPD.

## JURISDICTION

1.   This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 2201 and 2202. The substantive claims in this action arise under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

2.   Venue is properly laid, pursuant to 28 U.S.C. Section 1391, *et seq*., in the Eastern District of New York, where the Defendant City of New York resides, where Plaintiff resides, and where the actions complained of herein occurred.

3.   The amount in controversy excluding interests and costs exceeds the sum of 100,000 dollars.

## NOTICE OF CLAIM

4.   On or about February 13, 2014, a Notice of Claim was served on Defendants.

5.   At least 30 days have elapsed since the Notice of Claim was presented to the Defendants for adjustment, and the Defendants have refused to adjust or make payment therefor.

## PARTIES

6.   Plaintiff, Robert Thelusma, is, and at all times mentioned herein was, a resident of New York City, Kings County, New York State.

7.   At all times mentioned herein, Defendant THE CITY was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the NYPD, TLC and their employees.

8.   At all times mentioned herein, Defendant THE CITY is and was the employer of the personnel named herein as Defendants.

3

9.  At all times mentioned herein, Defendant TLC was and is a New York City Agency subject to the control of THE CITY, organized and existing under and by virtue of the law of the City and the State of New York.

10. At all times mentioned herein, Defendant THE CITY is and was responsible for the policies, practices and customs of the TLC.

11. At all times mentioned herein, Defendant THE CITY is and was responsible for the hiring, training, supervision, retention, control and discipline of the TLC and its inspectors and/or peace officers.

12. At all times mentioned herein, Defendant TLC is and was responsible for the policies, practices, and customs of the TLC.

13. At all times mentioned herein, Defendant TLC is and was responsible for the hiring, training, supervision, retention, control, and discipline of their TLC Inspectors and/or peace officers.

14. At all times mentioned herein, Defendant TLC is and was the employer of the personnel named herein as individual Defendants.

15. At all times mentioned herein, Defendant TLC is responsible for the operation, practices, and totality of conditions of the TLC.

16. THE CITY and the TLC have, jointly and severally, a constitutional and statutory responsibility for the conditions at the TLC, and are jointly and responsible for ensuring that the operations of the TLC and its representatives are in conformity with constitutional requisites.

17. THE CITY and the TLC are jointly and severally responsible for ensuring that the TLC Inspectors and/or police officers, specifically those Defendants named and referenced herein,

4

obey the regulations of the TLC, NYPD, THE CITY, the ordinances and laws of THE CITY, and the laws and the Constitution of the State of New York and the United States.

18. At all times mentioned herein, Defendant NYPD was and is a subdivision subject to the control of THE CITY, organized and existing under and by virtue of the law of the City and the State of New York.

19. At all times mentioned herein, Defendant THE CITY is and was responsible for the policies, practices and customs of the NYPD, including but not limited to the receipt and/or lodging and/or holding of suspects within NYPD facilities and precincts.

20. At all times mentioned herein, Defendant THE CITY is and was responsible for the hiring, training, supervision, retention, control and discipline of the NYPD and its officers.

21. At all times mentioned herein, Defendant THE CITY is and was responsible for the operation, practices, and totality of conditions of the NYPD.

22. At all times mentioned herein, Defendant NYPD is and was responsible for the hiring, training, supervision, retention, control and discipline of the NYPD and its officers.

23. At all times mentioned herein, Defendant NYPD is and was responsible for the operation, practices, and totality of conditions of the NYPD.

24. THE CITY acts, or fails to act through its policy-making officials including but not limited to the Commissioners of the TLC, its Boards, and the Chief of the NYPD; the acts and edicts of these policy-making officials represent the policies, practices, and customs of THE CITY.

25. THE CITY and the NYPD have, jointly and severally, a constitutional and statutory responsibility for the conditions at the NYPD, and are jointly and responsible for ensuring that

the operations of the NYPD and its representatives are in conformity with constitutional requisites.

26. THE CITY and the NYPD are jointly and severally responsible for ensuring that the NYPD obeys the regulations of the TLC, NYPD, the city, the ordinances and laws of THE CITY, and the laws and the Constitution of the State of New York and the United States.

27. THE CITY and/or TLC and/or the NYPD have implemented the field enforcement policy against "straight plates," which is an "all-out" enforcement designed to catch and seize passenger plated vehicles, and arrest individuals accused of transporting passengers within New York City limits without being licensed by the New York City Taxi and Limousine Commission.

28. In March 2013, Luiz Mauro Machado suffered a fatal heart attack while being physically confronted, accused and arrested by TLC Officers under the aforementioned policy; TLC Officers waited at least seven minutes before calling for medical assistance, and did not perform CPR on Mr. Machado; Medical Examiner ruled Mr. Machado's death a homicide at the hands of the arresting TLC Officers. *The New York Daily News* reported the incident on or about April 4, 2013. In May 2013, *The Limousine, Charter and Tour* reported on vehicle seizures "based upon unfounded claims of illegal point-to-point service within New York City. Additionally, in June 2014, *The Daily Hamodia* reported on Yeshaya Liebowitz, who was driving two women to cancer treatment when he was intimidated by TLC Officers, issued a false summons, and his vehicle was impounded.

29. DEFENDANT MUIRHEAD, the TLC, and JOHN DOES 1-5 (names being fictitious but intended to represent Inspectors/Peace Officers of the New York City Taxi and Limousine Commission who participated in the arrest, imprisonment, and assault and battery of Plaintiff), are, and at all times mentioned herein were, duly appointed Peace Officers and/or Police Officers

and/or Special Patrolmen employed by the New York City Taxi and Limousine Commission as Investigators, and at all times herein were acting in such capacity as agents, servants and employees of the TLC and the city.

30. At all times mentioned herein the Defendants were acting under color of the laws of New York City and New York State, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and THE CITY, the NYPD, and the TLC.

31. This action is brought against DEFENDANT MUIRHEAD and NEW YORK CITY TAXI & LIMOUSINE INSPECTORS JOHN DOES 1-5 in their official and individual capacities.

## FACTS

32. On or about October 20, 2013, at approximately 2:30 a.m., the Plaintiff was lawfully parked in a motor vehicle on Nostrand Avenue in Kings County, New York.

33. DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 approached the Plaintiff's vehicle; the aforementioned Defendants were wearing plain clothes.

34. DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 reached in the Plaintiff's vehicle and attempted to remove the keys from said vehicle.

35. DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 forcibly removed the Plaintiff from the vehicle.

36. DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 repeatedly punched the Plaintiff about the face and body, threw the Plaintiff to the ground, and placed the Plaintiff in handcuffs.

37. DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 seized the Plaintiff's vehicle.

38. The Plaintiff was transported to an NYPD local precinct in Kings County, where he was placed in an NYPD jail cell for several hours and denied medical treatment.

39. DEFENDANT MUIRHEAD drafted and presented the Plaintiff with two summonses charging the Plaintiff with Disorderly Conduct under New State Penal Law § 240.20 and Failure to Comply with a Lawful Order under New York State Vehicle and Traffic Law § 1102.

40. Plaintiff was released from the NYPD local precinct several hours after being taken into custody.

41. The Plaintiff went to the hospital where he was treated for the injuries he sustained in the attack, including but not limited to a nasal fracture.

42. On or about January 22, 2014, the Plaintiff appeared in Kings County Criminal Court to answer each of the aforementioned summonses issued by DEFENDANT MUIRHEAD.

43. On or about January 22, 2014, both of the aforementioned summonses were dismissed.

44. Defendant THE CITY and the TLC sold the Plaintiff's vehicle without the Plaintiff's knowledge or consent.

## LEGAL CLAIMS

### FEDERAL CAUSES OF ACTION

#### COUNT I: 42 U.S.C. SECTION 1983 AGAINST INDIVIDUAL DEFENDANTS

45. Paragraphs 1-44 are incorporated herein by reference as though fully set forth.

46. DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 used excessive unnecessary force, subjected the plaintiff to cruel and unusual punishment, deprived the plaintiff of his right to counsel and unlawfully deprived the Plaintiff of his liberty and property.

47. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 for violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial.

## COUNT II: 42 U.S.C. SECTION 1983 AGAINST THE CITY, TLC AND THE NYPD

48. Paragraphs 1-47 are incorporated herein by reference as though fully set forth.

49. Prior to October 20, 2013, THE CITY, TLC and the NYPD developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in THE CITY, which caused the violation Plaintiff's rights.

50. It was the policy and/or custom of THE CITY, TLC and the NYPD to inadequately and improperly investigate citizen complaints of police and/or peace officer misconduct, and the City, TLC and the NYPD instead tolerated acts of misconduct.

51. It was the custom and policy of THE CITY, TLC and the NYPD to inadequately supervise and train and retain and hire their police officers and/or peace officers, including DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5, thereby failing adequately to discourage further constitutional violations on the part of their police officers. THE CITY, TLC and the NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

52. As a result of the above described policies and customs, police officers and peace officers of THE CITY, TLC and the NYPD, including DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be sanctioned or investigated, but would be tolerated.

9

53. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of THE CITY, TLC and the NYPD to the constitutional rights of persons within the City and were the cause of the violations Plaintiff's right alleged herein.

54. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against THE CITY, TLC and the NYPD for the violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial.

## COUNT III: ASSAULT AND BATTERY

55. The allegations of Paragraphs 1-54 are incorporated by reference herein as though fully set forth.

56. DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 1-54 above, and thereby assaulted and battered the Plaintiff.

57. The assault and battery aforesaid was without probable cause.

58. DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 were working within the scope of their employment when they committed the actions described above generally and specifically those actions delineated in paragraphs 1-54 above, and thereby assaulted and battered the Plaintiff.

59. DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 were careless and reckless and negligent in that they did not stop or restrain their fellow officers from assaulting the Plaintiff.

60. As a result of the aforesaid assault and battery, the Plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

### COUNT IV FALSE ARREST AND IMPRISONMENT

61. The allegations of Paragraphs 1-60 are incorporated by reference herein as though fully set forth.

62. DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 1-60 above, and thereby confined the Plaintiff without privilege.

63. The confinement aforesaid was without probable cause or privilege.

64. DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 were working within the scope of their employment when they committed the actions described above, generally and specifically, those actions delineated in paragraphs 1-63 above, and thereby confined the Plaintiff without privilege.

65. DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 were careless and reckless and negligent in that they did not stop or restrain their fellow officers from confining the Plaintiff.

66. As a result of the aforesaid confinement, the Plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

## PENDENT STATE CLAIMS

## COUNT V: NEGLIGENT RETENTION, TRAINING AND HIRING

67. The allegations of paragraphs 1-66 are incorporated by reference herein as though fully set forth.

68. THE CITY, TLC and the NYPD were responsible for hiring police officers, including the individual Defendants, who were competent and capable of properly carrying out their job without causing injury to persons including the Plaintiff herein.

69. The Defendants THE CITY, TLC and the NYPD were negligent, reckless, and careless in the hiring of the defendant police officers and/or peace officers.

70. The Defendants THE CITY, TLC and the NYPD negligently failed to investigate and determine whether the individual Defendants were capable and competent.

71. The Defendants THE CITY, TLC and the NYPD negligently failed to investigate and determine whether the Defendants were competent and capable of properly carrying out their job without causing injury to persons including the Plaintiff herein.

72. The Defendants THE CITY, TLC and the NYPD was negligent, reckless, and careless in the retaining of DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5, in that they knew or should have known based on information available to them that the Defendant police officers and/or peace officers were not competent or capable, and/or exhibited vicious propensities.

73. THE CITY, TLC and the NYPD were responsible for training police officers and/or peace officers including the above individual Defendants to render them competent and capable of properly carrying out their job without causing injury to persons including the Plaintiff herein.

74. The Defendants THE CITY, TLC and the NYPD was negligent, reckless, and careless in the training of the Defendant police officers and/or peace officers, in that they failed to render such training would render the Defendant police officers and/or peace officers competent and capable and/or ameliorate their vicious propensities.

75. The Defendants THE CITY, TLC and the NYPD negligently failed to train the officers and render the Defendants capable and competent.

76. As a result of the aforesaid negligence, the Plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77. The allegations of paragraphs 1-76 are incorporated by reference herein as though fully set forth.

78. DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 were working within the scope of their employment when they committed the actions described above, generally and specifically, those actions delineated in paragraphs 1-76 above; those actions were intentionally and/or recklessly performed and/or committed.

79. The Defendants' conduct jointly and severally were outrageous.

80. The Defendants' joint and several conduct caused the Plaintiff to suffer extreme emotional distress.

81. As a result of the aforesaid intentional infliction of severe emotional distress, the Plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation, and suffered extreme emotional distress, in an amount to be determined by a jury after due trial.

82. As a result of the aforesaid, the Plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered extreme emotional distress, in an amount to be determined by a jury after due trial.

## COUNT VII: LIBEL AND SLANDER

83. The allegations of paragraphs 1-82 are incorporated by reference herein as though fully set forth.

84. On or about October 20, 2013, DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 accused Plaintiff of crimes of moral turpitude verbally and in writing.

85. DEFENDANT MUIRHEAD's statements were made to third party police officers and/or peace officers.

86. Her statements were untrue.

87. DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 made these statements knowing they were untrue.

88. The entire statement is false as it pertains to Plaintiff, and the publication is defamatory.

89. The allegations were libelous on their face; they clearly exposed Plaintiff to hatred, contempt, ridicule and obloquy because they accuses him of acts of moral turpitude, and conduct adversely affecting his work.

90. The statements were seen and/or read and/or learned of on or about October 20, 2013, and thereafter, by large portions of the Kings County Community.

91. As a proximate result of the above-described publication, Plaintiff has suffered loss of his reputation, shame, mortification, and injury to his feelings, all to his damage in an amount, which exceeds the jurisdiction of all lower courts.

14

Case 1:14-cv-04666-ENV-VVP   Document 1   Filed 08/05/14   Page 15 of 18 PageID #: 15

92. The above-described publication was not privileged because it was published by DEFENDANT MUIRHEAD with malice, hatred and ill will toward Plaintiff published it and the desire to injure him published it.

93. Because of DEFENDANT MUIRHEAD's malice in publishing, Plaintiff seeks punitive damages.  Plaintiff has cultivated relationships which relationships DEFENDANT MUIRHEAD intended to damage and which relationships were in fact damaged by the publication and statements.

**COUNT VIII: CONVERSION**

94. The allegations of paragraphs 1-93 are incorporated by reference herein as though fully set forth.

95.  The Plaintiff had clear legal ownership or right to possession of the above-mentioned vehicle at the time DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 seized said vehicle.

96. DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 seized the Plaintiff's vehicle pursuant to, and in the course of, the false arrest, assault and battery, false imprisonment, and constitutional violations described herein.

97. DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 did not have the Plaintiff's permission or authority to seize Plaintiff's vehicle.

98. DEFENDANT MUIRHEAD's and DEFENDANTS JOHN DOES 1-5's seizure of the Plaintiff's vehicle was not privileged.

99. As a result of this seizure, the Plaintiff's vehicle was sold, and Plaintiff was deprived of his vehicle, thereby resulting in the permanent loss of said vehicle and depriving the Plaintiff of use of the vehicle.

## COUNT IX: MALICIOUS PROSECUTION AGAINST THE INDIVIDUAL

## DEFENDANTS

100.     The allegations of paragraphs 1-99 are incorporated by reference herein as though fully set forth.

101.     DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 initiated a criminal proceeding against the Plaintiff in that they drafted and/or provided information and/or submitted criminal summonses against the Plaintiff.

102.     The criminal action against the Plaintiff terminated in the Plaintiff's favor.

103.     DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 lacked probable cause to commence a criminal proceeding against the Plaintiff.

104.     DEFENDANT MUIRHEAD and DEFENDANTS JOHN DOES 1-5 commenced and/or brought the criminal proceeding out of actual malice against the Plaintiff.

## COUNT IX: MALICIOUS PROSECUTION AGAINST THE CITY, TLC AND THE

## NYPD

105.     The allegations of paragraphs 1-104 are incorporated by reference herein as though fully set forth.

106.     THE CITY, TLC and the NYPD initiated a criminal proceeding against the Plaintiff in that they drafted and/or provided information and/or submitted criminal summonses against the Plaintiff.

107.     The criminal action against the Plaintiff terminated in the Plaintiff's favor.

108.     THE CITY, TLC and the NYPD lacked probable cause to commence a criminal proceeding against the Plaintiff.

109.     THE CITY, TLC and the NYPD commenced and/or brought the criminal proceeding out of actual malice against the Plaintiff.

110.     These actions fall within one or more of the exceptions set forth in CPLR 1602.

111.     That the within causes of action is not subject to the limitations set forth in CPLR section 1602.

**WHEREFORE**, Plaintiff prays for relief as follows: (1) that the Court determine and enter judgment declaring that the acts and omissions of the Defendants, as set forth above, violate rights secured to Plaintiff by the United States Constitution; (2) that the Court award compensatory damages to the Plaintiff; (3) that the Court award punitive damages to the Plaintiff; (4) that the Defendants be required to pay the legal costs, attorney's fees and expenses in this action; and (5) that the Court grant such further and additional relief as is appropriate.


Dated: New York, New York
      August 5, 2014

               Respectfully Submitted,

BY: _____
        Richard J. Washington (RW 4793)
        THE OFFICES OF RICHARD J. WASHINGTON,
        ATTORNEY AT LAW
        *Attorney for Plaintiff*
        Robert Thelusma
        40 Wall Street, Suite 2800
        New York, New York  11550
        Tel:     (646) 512-5886
        Fax:     (646) 607-9383

To:     THE NEW YORK CITY TAXI AND LIMOUSINE COMMISSION
        33 Beaver Street
        New York, NY 10004

        THE CITY OF NEW YORK
        Attn: Corporation Counsel
        100 Church St., 5th Fl.
        New York, NY 10007

        THE NEW YORK CITY POLICE DEPARTMENT
        Attn: Corporation Counsel
        100 Church St., 5th Fl.
        New York, NY 10007

        INSPECTOR MONICA MUIRHEAD
        The New York City Taxi And Limousine Commission
        33 Beaver Street
        New York, NY 10004

        TLC INSPECTOR JOHN DOE 1
        The New York City Taxi And Limousine Commission
        33 Beaver Street
        New York, NY 10004

        TLC INSPECTOR JOHN DOE 2
        The New York City Taxi And Limousine Commission
        33 Beaver Street
        New York, NY 10004

        TLC INSPECTOR JOHN DOE 3
        The New York City Taxi And Limousine Commission
        33 Beaver Street
        New York, NY 10004

        TLC INSPECTOR JOHN DOE 4
        The New York City Taxi And Limousine Commission
        33 Beaver Street
        New York, NY 10004

        TLC INSPECTOR JOHN DOE 5
        The New York City Taxi And Limousine Commission
        33 Beaver Street
        New York, NY 10004